NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DIAZ MANUFACTURING, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>MASSACHUSETTS DESIGN CORP.,<br><br>        Defendant. | Civil Action No.: 24-9707<br><br>**ORDER & JUDGMENT** |

**CECCHI, District Judge.**

    Before the Court is plaintiff Diaz Manufacturing, LLC's ("Plaintiff") motion for default judgment against defendant Massachusetts Design Corp. ("Defendant"). ECF No. 8. Defendant has not appeared in this case or otherwise responded to the motion. The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, Plaintiff's motion is **GRANTED**.

    **WHEREAS** in June 2024, Defendant placed orders to purchase various goods and materials from Plaintiff, including cabinet doors and custom orders such as specialty moldings and drawer boxes. Compl. ¶ 7; ECF No. 8 ¶ 2. Plaintiff manufactured and delivered the goods and materials in accordance with the orders and sent Defendant an invoice. Compl. ¶¶ 8–9; ECF No. 8 ¶¶ 4–5. Defendant accepted the goods and materials, but failed to pay the invoice. Compl. ¶ 11; ECF No. 8 ¶¶ 6–8; and

    **WHEREAS** Federal Rule of Civil Procedure 55 authorizes a district court to enter a default judgment against a defendant who has been properly served and has failed to answer or respond to the pleadings. *See* Fed. R. Civ. P. 55. Obtaining a default judgment is a two-step process. First, when a party has failed to plead or otherwise defend, the clerk must enter that party's default. Fed.

R. Civ. P. 55(a).  Once the Clerk enters default, a plaintiff may move for a default judgment.  Fed. R. Civ. P. 55(b).  Here, the Clerk entered default on April 30, 2024, so the Court will address Plaintiff's motion on the merits; and

  **WHEREAS** "[b]efore entering default judgment, the Court must address the threshold issue of whether it has personal jurisdiction and subject matter jurisdiction over the parties." *Prudential Ins. Co. of Am. v. Bramlett*, No. 08-cv-119, 2010 WL 2696459, at *1 (D.N.J. July 6, 2010).  Then, "the Court must determine (1) whether there is sufficient proof of service, (2) whether a sufficient cause of action was stated, and (3) whether default judgment is proper[.]" *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (citations omitted).  In making these determinations, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir. 2005) (quoting *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990); and

  **WHEREAS** as an initial matter, the Court must "look into its jurisdiction both over the subject matter and the parties." *Ramada Worldwide Inc. v. Benton Harbor Hari Ohm, L.L.C.*, No. 05-cv-3452, 2008 WL 2967067, at *9 (D.N.J. July 31, 2008) (citation omitted).  Diversity subject matter jurisdiction exists when "the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states." 28 U.S.C. § 1332(a).  Here, Plaintiff represents that it is a citizen of Pennsylvania.  Compl. ¶¶ 1–2.  Defendant is a corporation incorporated in New Jersey and its principal place of business is in Edison, New Jersey.  *Id.* ¶ 3.  Further, Plaintiff seeks more than $75,000 in damages.  ECF No. 8-13 ¶ 14.  Therefore, the Court has subject-matter jurisdiction; and

**WHEREAS** the Court also has personal jurisdiction over Defendant.  Defendant is a citizen of New Jersey, as established above.  "A court may exercise general [personal] jurisdiction over an individual defendant who is domiciled within [the] forum state."  *Robert E. Havell Revocable Tr. v. 41 Still Rd, LLC*, No. 20-2468, 2021 WL 754032, at *2 (D.N.J. Feb. 25, 2021).  Therefore, the Court has personal jurisdiction over the parties; and

**WHEREAS** Plaintiff has provided sufficient proof of service.  Defendant was served via process server on October 17, 2024, in accordance with Rule 4(h)(1)(B).  *See* ECF No. 5; and

**WHEREAS** the Court next finds that Plaintiff has clearly established a breach of contract claim under New Jersey law.  A contract was formed when Plaintiff filled Defendant's order by delivering the goods and materials.  N.J. Stat. Ann. § 12A:2-206(1)(b); *Dandana, LLC v. MBC FZ-LLC*, 507 F. App'x 264, 269 (3d Cir. 2012) ("It has long been established that an offer may be accepted by performance.").  Defendant breached that contract by failing to pay for the goods and materials ordered and accepted; and

**WHEREAS** three factors govern whether default judgment is proper:  "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct."  *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).  First, the Court finds that Plaintiff will suffer prejudice without default judgment as it will have "no alternative means of vindicating its claims other than filing for a default judgment."  *West Trenton Hardware, LLC v. Brooklyn Textiles, LLC*, No. 21-17662, 2024 WL 4263209, at *7 (D.N.J. Sept. 23, 2024) ("When a defendant fails to respond to a plaintiff's claims, the plaintiff will be prejudiced absent a default judgment because the plaintiff will be left with no other means to vindicate its claims.") (internal quotations and citations omitted).  Second, "because [Defendant] has not answered or otherwise appeared in this action, the Court was unable

to ascertain whether [it] has any litigable defenses." *Tryg Ins. v. C.H. Robinson Worldwide*, Inc., No. 15-5343, 2017 WL 11491955, at *3 (D.N.J. Nov. 28, 2017) (quoting *Prudential Ins. Co. of Am. v. Taylor*, 2009 WL 536403, at *1 (D.N.J. Feb. 27, 2009)).  Finally, Defendant's delay appears to be the result of culpable conduct considering Plaintiff effected service on October 17, 2024, but Defendant has yet to appear or otherwise respond.  ECF No. 20; *see also York Int'l Corp. v. York HVAC Sys. Corp.*, No. 09-3546, 2010 WL 1492851 (D.N.J. Apr. 14, 2010) (holding that failure to respond is culpable conduct and indicates no meritorious defense).  Accordingly, the Court finds the entry of default judgment to be appropriate; and

**WHEREAS** Plaintiff requests damages in the amount of $406,061.83, which is the total of unpaid invoice amounts, plus interest.  ECF No. 12 ¶ 11; ECF Nos. 8-2, 8-3, 8-4, 8-5, 8-6, 8-7, 8-8, 8-9, 8-10, 8-11, 8-12, 8-13, 8-14, 8-15.

Accordingly, **IT IS** on this 22nd day of December, 2025,

**ORDERED** that Plaintiff's motion for default judgment (ECF No. 8) is **GRANTED**; and it is further

**ORDERED** that judgment is hereby entered in Plaintiff's favor and against Defendant in the amount of $406,061.83 plus post-judgment interest thereupon to accrue from the date of this judgment at the rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of this Judgment; and it is further

**ORDERED** that the Clerk of Court shall mark this matter **CLOSED.**

**SO ORDERED.**

*/s/ Claire C. Cecchi*
**CLAIRE C. CECCHI, U.S.D.J.**